UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILDFIRE CREDIT UNION, a Michigan credit union, ) ) ) | |
| Plaintiff, ) ) | Case No. 14-cv-14359 |
| v. ) ) | HON. THOMAS L. LUDINGTON |
| FISERV, INC., a Wisconsin corporation, also known as FISERV SOLUTIONS, INC., ) ) ) ) | HON. PATRICIA T. MORRIS, MAGISTRATE JUDGE |
| Defendant. ) | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIM OF FISERV SOLUTIONS, INC.**

**PLAINTIFF'S ANSWER TO
COUNTERCLAIM OF FISERV SOLUTIONS, INC.**

Plaintiff/Counter-Defendant Wildfire Credit Union ("Wildfire"), by and through its counsel, hereby states for its answer to the Counterclaim of Fiserv Solutions, Inc. ("Fiserv Solutions") as follows:

**PARTIES**

1. Admitted.

2. Wildfire is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Counterclaim. Wildfire believes that the assertion in paragraph

- 2 -

2 of the Counterclaim regarding Fiserv being a "global leader" relates to defendant Fiserv, Inc., not Fiserv Solutions.

## JURISDICTION

3. Admitted.

## FACTUAL ALLEGATIONS

4. Wildfire admits that representatives of Wildfire met with representatives of defendant Fiserv, Inc. in October, 2012 regarding defendant Fiserv, Inc.'s desire to provide Wildfire with financial services technology products, but denies as untrue the remaining allegations set forth in paragraph 4 of the Counterclaim.

5. Wildfire denies as untrue the allegations set forth in paragraph 5 of the Counterclaim.

6. Wildfire denies as untrue the allegations set forth in paragraph 6 of the Counterclaim.

7. Wildfire denies as untrue the allegations set forth in paragraph 7 of the Counterclaim.  The documents speak for themselves, and do not state that Wildfire agreed to pay early termination fees if Wildfire terminated the DNA portions of the Master Agreement (or certain other products or services thereunder) before the contractually-agreed term expired.

8. Admitted.

9. Wildfire denies as untrue the allegations set forth in paragraph 9 of the Counterclaim.

10. Wildfire admits that Benecke sent the letter attached as Exhibit 10 to its complaint, but denies that Wildfire was even able to go "live" with DNA, as set forth in paragraph 10 of the Counterclaim.

11. Admitted.

12. Wildfire denies as untrue the allegations set forth in paragraph 12 of the Counterclaim.

13. Wildfire denies as untrue the allegations set forth in paragraph 13 of the Counterclaim.

14. Wildfire denies as untrue the allegations set forth in paragraph 14 of the Counterclaim.

15. Wildfire denies as untrue the allegations set forth in paragraph 15 of the Counterclaim.

### CLAIM FOR RELIEF
### BREACH OF CONTRACT

16. Wildfire incorporates its answers to paragraphs 1 through 15 of the Counterclaim as if fully realleged herein.

17. Wildfire admits that it was a party to the Master Agreement, and further states that the Master Agreement speaks for itself, and imposed contractual duties and obligations on Fiserv.

18. Wildfire denies as untrue the allegations set forth in paragraph 18 of the Counterclaim.

19. Wildfire denies as untrue the allegations set forth in paragraph 19 of the Counterclaim.

20. Wildfire denies as untrue the allegations set forth in paragraph 20 of the Counterclaim.

21. Wildfire denies as untrue the allegations set forth in paragraph 21 of the Counterclaim.

22. Wildfire denies as untrue the allegations set forth in paragraph 22 of the Counterclaim.

WHEREFORE, counter-defendant Wildfire Credit Union respectfully requests that this Court dismiss the Counterclaim with prejudice and with costs and attorneys fees awarded to counter-defendant for having to defend against the Counterclaim.

        Respectfully submitted,

        /s/ Cindy Rhodes Victor
        CINDY RHODES VICTOR (P33613)
        MICHAEL A. KUS (P27186)
        JEFFREY S. HOROWITZ (P66251)
        Kus Ryan & Associates PLLC
        2851 High Meadow Circle
        Suite 120
        Auburn Hills, Michigan 48326
        (248) 364-3090
        cvictor@victorfirm.com
        mkus@krslaw.biz
        jhorowitz@krslaw.biz

        Attorneys for Plaintiff
        Wildfire Credit Union

Dated:    February 17, 2015

## PLAINTIFF'S AFFIRMATIVE DEFENSES
## TO COUNTERCLAIM OF FISERV SOLUTIONS, INC.

Plaintiff/Counter-Defendant Wildfire Credit Union ("Wildfire"), by and through its counsel, hereby states for its affirmative defenses to the Counterclaim of Fiserv Solutions, Inc. ("Fiserv Solutions") as follows:

1. Fiserv Solutions has failed to state a claim against Wildfire upon which relief can be granted.

2. Some or all of Fiserv Solutions' claims are barred, in whole or in part, by the express terms of the parties' Master Agreement.

3.      Fiserv Solutions is not entitled to relief because it did not provide Wildfire with written notice of the alleged material breach.

4.      Fiserv Solutions' claims are barred, in whole or in part, by its own material breaches and/or the material breaches of Fiserv, Inc. of the Master Agreement, such that Wildfire is excused from any further performance under the Master Agreement.

5.      Wildfire performed as required by the Master Agreement, while Fiserv, Inc. and/or Fiserv Solutions failed to perform its or their obligations under the Master Agreement.

6.      Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of waiver.

7.      Some or all of the claims against Wildfire are barred, in whole or in part, by the consent and/or satisfaction of Fiserv Solutions and/or Fiserv, Inc.

8.      Fiserv Solutions has failed to mitigate the damages it asserts it has.

9.      Fiserv Solutions has not suffered any damages which were caused by Wildfire or for which Wildfire is liable.

10.     The conduct of which Fiserv Solutions complains is not the proximate cause of Fiserv Solutions' damages, if any.

11. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of unjust enrichment.

12. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of unclean hands.

13. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of laches.

14. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of equitable estoppel.

15. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of recoupment and setoff.

16. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of contributory negligence.

17. Some or all of the claims against Wildfire are barred, in whole or in part, by the doctrine of assumption of risk.

18. At all times, Wildfire acted in good faith and with clean hands.

19. Wildfire owed no duty to Fiserv Solutions.

20. Fiserv Solutions is not a named party in this action and thus cannot at this junction in the litigation assert a counterclaim against Wildfire.

Wildfire reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent through discovery or otherwise.

                Respectfully submitted,

                /s/ Cindy Rhodes Victor
                CINDY RHODES VICTOR (P33613)
                MICHAEL A. KUS (P27186)
                JEFFREY S. HOROWITZ (P66251)
                Kus Ryan & Associates PLLC
                2851 High Meadow Circle
                Suite 120
                Auburn Hills, Michigan 48326
                (248) 364-3090
                cvictor@victorfirm.com
                mkus@krslaw.biz
                jhorowitz@krslaw.biz

                Attorneys for Plaintiff
                Wildfire Credit Union

Dated:    February 17, 2015

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **WILDFIRE CREDIT UNION, a Michigan credit union,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-14359 |
| v. | ) ) | HON. THOMAS L. LUDINGTON |
| **FISERV, INC., a Wisconsin corporation, also known as FISERVSOLUTIONS, INC.,** | ) ) ) ) | HON. PATRICIA T. MORRIS, MAGISTRATE JUDGE |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2015, I electronically filed the foregoing Plaintiff's Answer and Affirmative Defenses to Counterclaim of Fiserv Solutions, Inc., with this Certificate of Service, with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Dated: February 17, 2015

　　　　　　　　　　　　　　　　　 /s/ Steven R. McCollum
　　　　　　　　　　　　　　　　Steven R. McCollum
　　　　　　　　　　　　　　　　Kus Ryan & Associates, PLLC
　　　　　　　　　　　　　　　　2851 High Meadow Circle, Suite 120
　　　　　　　　　　　　　　　　Auburn Hills, Michigan 48326
　　　　　　　　　　　　　　　　(248) 364-3090

- 2 -

smccollum@krslaw.biz

Case 1:14-cv-14359-TLL-PTM   ECF No. 21   filed 02/17/15   PageID.429   Page 10 of 10

- 2 -