UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILDFIRE CREDIT UNION,

        Plaintiff,                         Case No. 14-cv-14359

v.                                        Honorable Thomas L. Ludington

FISERV, INC.,

        Defendant.

_____/

**ORDER GRANTING MOTION TO AMEND COUNTERCLAIM TO JOIN PARTY AS COUNTER-PLAINTIFF AND DIRECTING FILING OF AMENDED COUNTERCLAIM**

On July 23, 2015, Defendant Fiserv, Inc. filed a motion to amend its counterclaim and join Open Solutions, LLC as a counterclaim plaintiff. *See* Def.'s Mot. Amend, ECF No. 33. Fiserv, Inc. argues that they should be permitted to join Open Solutions as a counter-plaintiff because Open Solutions also has a cause of action against Plaintiff Wildfire Credit Union for breach of contract. Joining Open Solutions to Fiserv's counterclaim would avoid the burdens of duplicative litigation. Wildfire opposes Fiserv's motion arguing that amending its counterclaim would be futile because the counterclaim does not state a claim on which relief may be granted. *See* Pl.'s Resp. Br., ECF No. 35.

Wildfire filed a five-count complaint against Fiserv, Inc. on November 13, 2014. ECF No. 1. Wildfire's complaint sought a declaratory judgment in Count I and alleged in Counts II-IV that Fiserv committed various torts related to non-contractual representations that Fiserv did not fulfill. In Count V, Wildfire alleged breach of contract. Fiserv moved to dismiss Counts I-IV of Wildfire's complaint because they were all premised on alleged non-contractual promises and representations by Fiserv. *See* Partial Mot. Dismiss, ECF No. 9. According to Fiserv, the Master

Agreement between the parties, which Wildfire alleges that Fiserv breached in Count V, contains an integration clause prohibiting Wildfire from claiming it relied on any representations or promises not contained in the contract. Fiserv also moved to strike the jury demand that Wildfire made in its complaint because the Master Agreement also contains a waiver of both parties' right to have a jury decide disputes arising under the Master Agreement. *See* Mot. Strike Jury Demand, ECF No. 11. On August 10, 2015, this Court issued an Opinion and Order dismissing all non-contractual claims from Wildfire's complaint and striking Wildfire's jury demand. *See* August 10, 2015 Op. & Order, ECF No. 37.

### I.

Wildfire is a Michigan-based credit union principally located in Saginaw, Michigan. Fiserv is a provider of financial services technology that "provid[es] account processing systems, electronic payment processing, products and services, internet and mobile banking systems and related solutions to a wide variety of financial institutions, including credit unions." Def.'s Mot. Dismiss 9, ECF No. 9.

Open Solutions, LLC is a twice-removed wholly-owned subsidiary of Fiserv, Inc. See Def.'s Mot. Amend 7 n.1, ECF No. 33. Open Solutions is incorporated in Delaware and has its principal place of business in Connecticut. *Id*.

Wildfire has alleged that Fiserv breached the Master Agreement when it did not deliver an operational core-processing system by the date contemplated in the Agreement. Fiserv, in turn, brought a counterclaim alleging Wildfire's breach of contract seeking damages in the amount of the early termination fees provided for in the Master Agreement and the incorporated software schedules. Wildfire has argued that they do not owe Fiserv an early termination fee because the conditions precedent to activating the early-termination provision of the Master

Agreement and the incorporated software schedules were never met. In the alternative, Wildfire argues that the software schedule related to the DNA core processing system is an independent contract between Wildfire and Open Solutions, not between Wildfire and Fiserv. Thus, Wildfire contends that it does not owe any early termination fees to Fiserv, if indeed it owes any.

Fiserv now seeks to join Open Solutions to its counterclaim for early termination fees under the Master Agreement to coordinate and streamline the adjudication of the common issues.

## II.

Under Federal Rule of Civil Procedure 20, persons may be joined as plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. The joinder of persons as a party to a counterclaim is governed by Rule 20. *See* Fed. R. Civ. P. 13(h). "Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues." *Pasha v. Jones*, 82 F.3d 418 (6th Cir. 1996) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)).

## III.

Defendant/Counter-plaintiff Fiserv, Inc. seeks to join Open Solutions, LLC, a wholly-owned corporate affiliate, to its counterclaim for breach of contract against Plaintiff/Counter-defendant Wildfire. *See* Def.'s Mot. Amend, ECF No. 33. Fiserv has attached a proposed amended counterclaim to its motion that incorporates Open Solutions as a party to the countersuit. *See id*. at Ex. 1. The amended counterclaim has very few revisions, largely just incorporating Open Solutions into the factual allegations made in support of the breach of contract claim. See id. Because there are no substantive amendments to the counterclaim that

primarily joins an additional party, Rule 20 governs. Furthermore, because the factual and legal allegations are wholly identical for both Fiserv and Open Solutions and because the two seek relief in the alternative, joinder is appropriate.

Wildfire argues that Rule 15, governing the amendment of pleadings, is the appropriate standard by which Fiserv's motion should be analyzed. Although Fiserv technically seeks to amend its pleading by incorporating Open Solutions as a complainant, it is, in actuality, only joining an additional associated party. The more specific rules governing party joinder are found in Rule 20. As explained above, this reading is made explicit by Rule 13(h) which provides that "[r]ules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h).

### IV.

Accordingly, it is **ORDERED** that Defendant Fiserv, Inc.'s Motion to Amend Counterclaim naming Open Solutions, LLC as a Counter-Plaintiff, ECF No. 33, is **GRANTED**.

It is further **ORDERED** that Counter-Plaintiffs Fiserv, Inc. and Open Solutions, LLC are **DIRECTED** to file their amended counterclaim on the Court's docket **on or before October 9, 2015**.

Dated: September 29, 2015      s/Thomas L. Ludington  
    THOMAS L. LUDINGTON  
    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2015.

    s/Michael A. Sian  
    MICHAEL A. SIAN, Case Manager