UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILDFIRE CREDIT UNION,

       Counter-Defendant,                                 Case No. 14-cv-14359

v.                                                     Honorable Thomas L. Ludington

FISERV, INC., a/k/a FISERV SOLUTIONS, INC.,

       Defendant/Counter-Plaintiff,

and

OPEN SOLUTIONS, LLC,

       Counter-Plaintiff.

_____/

**ORDER CLARIFYING PORTION OF FEBRUARY 19, 2016 OPINION AND STRIKING DOCUMENT**

On February 19, 2016, the Court issued an opinion and order denying Plaintiff Wildfire Credit Union's motion for judgment on the pleadings. The opinion concluded that, for the purposes of a motion under Federal Rule of Civil Procedure 12(c), counterclaimants, Fiserv, Inc., and Open Solutions, LLC, have standing to enforce the Master Agreement between the parties. Additionally, Wildfire's claim that it did not owe an accelerated maintenance fee under the Master Agreement was, for purposes of its Rule 12(c) motion, meritless.

On February 23, 2016, Fiserv sought clarification of one sentence in the opinion: "There can be no reasonable argument, especially at the Rule 12 stage, that the Master Agreement incorporates the DNA Software Schedule." It made this request because it believed the sentence to be inconsistent with the rest of the opinion. It also made the request by filing written correspondence on the docket. Fiserv's request will be stricken from the docket because it is not

a pleading and correspondence is not properly filed on the docket. The clarification it seeks will be provided, however. The sentence in question should more clearly be read as stating: "There can be no reasonable argument, especially at the Rule 12 stage, about the fact that the Master Agreement incorporates the DNA Software Schedule." The February 19, 2016 Opinion will be amended to reflect that change.

Accordingly, it is **ORDERED** that the sixth sentence on page 9 of the February 19, 2016 Opinion, ECF No. 54, is **AMENDED** to read:

> There can be no reasonable argument, especially at the Rule 12 stage, about the fact that the Master Agreement incorporates the DNA Software Schedule.

It is further **ORDERED** that the correspondence filed on the docket by Counterclaimants Fiserv and Open Solutions, ECF No. 55, is **STRICKEN**.

Dated: February 26, 2016                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2016.

                                s/Michael A. Sian
                                MICHAEL A. SIAN, Case Manager

---